# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>vs.<br><br>ANGEL MARIO GONZALEZ-MEDINA,<br><br>                          Defendant. | CASE NO. 07cr0787 DMS<br>               10cv0204 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>**[Docket No. 58]** |
|---|---|

This case returns to the Court on Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response to the motion, and Defendant has filed a reply. After reviewing the motion, opposition, reply, and all supporting documents and the record on file herein, the Court denies the motion.

## I.
## BACKGROUND

On March 19, 2007, the Government filed a Complaint against Defendant Angel Mario Gonzalez-Medina alleging he violated 18 U.S.C. § 1542, false statement in application for a United States passport. An indictment was filed on March 28, 2007, charging Defendant with one count of violating this statute, and one count of violating 18 U.S.C. § 1544, misuse of passport. On May 23, 2007, the Government filed a superseding indictment that added a count of violation of 8 U.S.C. § 1326(a) and (b), attempted entry after deportation. A superseding information was filed on August

///

10, 2007, charging Defendant with one misdemeanor count of violating 8 U.S.C. § 1325, one felony count of violating § 1325, and an additional count of violation of 18 U.S.C. § 1544.

Defendant pled guilty to each of those counts in exchange for the Government's agreement to dismiss the remaining allegations in the indictment and its agreement not to prosecute Defendant under 8 U.S.C. § 1326. The Plea Agreement contains a section on the applicability of the United States Sentencing Guidelines, which reads:

> Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

(Resp. to Mot., Ex. 5 § VIII.) The Plea Agreement also contains a section explaining that the sentence is within the discretion of the judge. That section provides:

> This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

(*Id.* § IX.) Following these sections, the Plea Agreement sets out the parties' sentencing recommendations, including their ultimate recommendation that Defendant be sentenced to 30 months imprisonment followed by 3 years of supervised release. (*Id.* § X.) The Court went over each of these sections of the Plea Agreement with Defendant at the change of plea hearing on August 10, 2007. (Resp. to Mot., Ex. 6.)

On November 30, 2007, this matter came before the Court for sentencing. Defense counsel requested a continuance so he could investigate some information in the probation report, which the

Court granted. (*Id.*) The Court also requested briefing from the parties on the discrepancy between the guideline calculation in the Plea Agreement and the probation report. (*Id.*)

The matter returned to the Court for sentencing on January 25, 2008. At that hearing, defense counsel requested another continuance, which the Court granted. The Court also reiterated its request for briefing on Defendant's criminal history, including his arrests in 2000 and 2004, and the difference between the parties' recommendation of a 30-month sentence and probation's recommendation of 96-month sentence. (*Id.*)

On May 23, 2008, the matter came on again for sentencing. During that hearing, the Court indicated that its tentative ruling was to reject the parties' recommended sentence of thirty months and instead "find a guideline range of 77 to 96 months, and to sentence at the low end." (*Id.*) In response to that tentative, defense counsel requested another continuance, which the Court granted.

At the final sentencing hearing on June 12, 2008, the Court found the guideline range was 77 to 96 months, as set out in the probation report, and imposed a sentence of 60 months in prison, followed by three years of supervised release. (*Id.*) Defendant appealed his conviction to the Ninth Circuit, which affirmed his conviction in an unpublished opinion. (Resp. to Mot., Ex. 9.)

## II.

## DISCUSSION

Defendant raises two arguments in support of his motion. First, he alleges he received ineffective assistance of counsel. Specifically, Defendant argues his counsel promised him he would receive a 30-month sentence as inducement to enter the Plea Agreement.[1] Second, Defendant contends his plea was involuntary as a result of counsel's ineffective assistance. The Government disputes both arguments.

An attorney's representation violates the Sixth Amendment right to counsel if two factors are met. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, the attorney's representation must fall

---

[1] In his opening brief, Defendant also alleged counsel was ineffective in failing to file Defendant's appeal in a timely manner, and for accepting compensation from a family member while also receiving compensation under the Criminal Justice Act ("CJA"). In its opposition brief, the Government pointed out that the Ninth Circuit accepted Defendant's appeal even though it was one day late, and that counsel may have been representing Defendant in other matters for which he was not being compensated under the CJA. Defendant does not address these arguments in his reply brief. Therefore, the Court will not address them further in this order.

1 below an objective standard of reasonableness. *Id.* at 688. Second, there must be prejudice, *i.e.*, a
2 reasonable probability that but for counsel's errors, the result of the proceedings would have been
3 different. *Id.* at 694. Here, Defendant argues his trial counsel was ineffective in promising him a
4 sentence of thirty months as inducement to enter the Plea Agreement.

5 There is no evidence to support Defendant's argument that his counsel promised him he would
6 receive a thirty-month sentence if he agreed to plead guilty. Indeed, the evidence supports the
7 opposite finding. The Plea Agreement states, "No one has made any promises or offered any rewards
8 in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to
9 the Court[.]" (Resp. to Mot., Ex. 1 § VI.B.) It goes on to state: "Defendant understands that the
10 sentencing judge may impose the maximum sentence provided by statute, and is also aware that any
11 estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding**
12 **on the Court**." (*Id.* § IX.) At the change of plea hearing, the Court asked Defendant if he "had an
13 full opportunity to discuss each and every provision of the plea agreement with [his] counsel[,]" to
14 which he responded, "Yes, Your Honor." (Resp. to Mot., Ex. 6.) The Court also asked Defendant:

> **The Court**: Has anyone made any promises to you or anyone near or dear to you to induce you to enter into the plea?
>
> **Defendant Gonzalez-Medina**: No, Your Honor.
>
> **The Court**: Has anyone made any promises to you, other than what is contained within the plea agreement, to induce you to enter into the plea?
>
> **Defendant Gonzalez-Medina**: No, Your Honor.

20 (*Id.*) The Court also went on to explain to Defendant that the Court could elect "not to follow the plea
21 agreement and sentence[ ] [Defendant] to some other term[.]" (*Id.*) Under these circumstances, there
22 is no evidence to support Defendant's claim that his counsel promised him he would receive a thirty-
23 month sentence if he agreed to plead guilty.[2] Defendant has failed to show that he received ineffective
24 assistance, and absent that finding, he has failed to show that his plea was involuntary. Accordingly,
25 Defendant is not entitled to relief.

---

27  [2] Even if counsel had made that promise, it would not necessarily result in a finding of ineffective assistance. *See United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) (stating
28 "inaccurate advice regarding parole does not necessarily constitute ineffective assistance, invalidating a plea.")

## III.

## CONCLUSION

For these reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 is denied.

**IT IS SO ORDERED**.

DATED: September 8, 2010

_____
HON. DANA M. SABRAW
United States District Judge